**Foti HYSENI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2030–ag.

United States Court of Appeals, Second Circuit.

Dec. 13, 2006.

---

Oleh R. Tustaniwsky, Law Offices of Andrew P. Johnson, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States Attorney, Boston, MA, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Foti Hyseni, a native and citizen of Albania, seeks review of an April 13, 2006 order of the BIA affirming the October 6, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Foti Hyseni,* No. A97 851 950 (B.I.A. Apr. 13, 2006), *aff'g* No. A97 851 950 (Immig. Ct. N.Y. City Oct. 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms, then supplements the IJ's decision, we review the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). Legal questions and application of law to fact are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v.*

*U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Where the circumstances indicate that an applicant for asylum or withholding of removal has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden of proof. *Zhou Yun Zhang,* 386 F.3d at 71. In this case, neither the IJ nor the BIA erred in concluding that Hyseni failed to meet his burden of proof because he did not provide a statement from his brother, even though Hyseni's brother allegedly witnessed the principal events giving rise to the claim. Considering that Hyseni's brother provided him with other materials in support of his asylum application, Hyseni reasonably could have obtained this potentially corroborative evidence.

■ The IJ also reasonably found that the identification card and "certificate" from the Chairman of the Tirana Chapter of the Democratic Party failed to provide meaningful corroboration of Hyseni's claim that he was persecuted on account of his activities with the Party. The IJ correctly observes that the certificate does not "indicate that [Hyseni] had an important role in the [Democratic Party] as an election observer or verifier of voting records as [he] testified."

■ However, the IJ erred in finding that Hyseni could have further corroborated the source of the injuries for which he sought treatment on April 25, 2003. The IJ considered the "summary discharge" form from a Tirana hospital to be insufficient because "it does not establish how these injuries may have been incurred." The IJ "believe[d] that important corroborating evidence does exist," but this is bald speculation, and the IJ did not point to

"*specific* pieces of missing, relevant documentation" that would have corroborated the claim. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003)(emphasis added). Hyseni admitted that the injuries he suffered were minor, and the IJ does not explain how the hospital staff would have determined why Hyseni's head and right arm were "hit with hard objects," and why they would have documented this information as relevant to his treatment.

Nonetheless, although the IJ's treatment of the hospital discharge form was error, the IJ's determination that Hyseni failed to corroborate his asylum claim with a statement from his brother or documentation of his activities with the Democratic Party finds strong support in the record. Thus, remand is not necessary in this case because we "can confidently predict that the IJ would reach the same decision absent the errors that were made." *Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006).

■ Hyseni's CAT claim is dismissed for lack of jurisdiction, because he failed to exhaust his administrative remedies by raising a meaningful challenge to the denial of that claim in his brief to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119–20 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part, and DISMISSED in part, and the BIA's order is AFFIRMED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).